**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00005-MR-DLH**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **JUSTIN NOJAN SULLIVAN,** | ) | |
| a/k/a TheMujahid, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Designate a Classified Information Security Officer ("CISO"). [Doc. 37]. The Court having considered the same in its hearing in this case on February 22, 2016, makes the following findings of fact and conclusions of law:

1. The Court has been informed that the Government anticipates that issues involving the discovery, disclosure and/or use of classified information will arise during this case. [Government's Motion For A Pretrial Conference Pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, § 2, Doc. 36]. The authority to classify national security information, including information relating to defense against transnational terrorism, rests with the

Executive Branch of the United States. Classified National Security Information, Executive Order No. 13526, 75 FR 707 (Dec. 29, 2009). The decision to grant a security clearance is within the province of the agencies of the executive branch. Id. A person may have access to classified information provided that: (1) a favorable determination of eligibility for access has been made by an agency head or the agency head's designee; (2) the person has signed an approved nondisclosure agreement; and (3) the person has a need-to-know the information. Id.

2. CIPA provides that federal courts must have security procedures in place for the handling of classified information. 18 U.S.C. App. III, § 9(a). In accordance with CIPA, Section 9(a), Chief Justice Roberts has prescribed security procedures for federal courts in all criminal proceedings involving classified information and appeals therefrom. Revised Security Procedures established pursuant to Pub. L. No. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (hereinafter "CIPA Security Procedures"). Section 2 of the CIPA Security Procedures provides in pertinent part:

> In any proceeding in a criminal case or appeal therefrom in which classified information is within, or is reasonably expected to be within, the custody of the court, the court will designate a "classified information security officer." The Attorney General or the Department of Justice Security Officer will recommend to the court a person qualified to serve as a classified information security officer. This individual will be selected from the Litigation Security Group, Security and Emergency Planning Staff, Department of Justice, to be detailed to the court to serve in a neutral capacity. The court may designate, as required, one or more alternate classified information security officers who have been recommended in the manner specified above.

3. The Department of Justice Litigation Security Group employs security specialists who may be appointed in cases that fall within the purview of CIPA ("CIPA litigation") as "Classified Information Security Officers" ("CISOs") to assist the Court in protecting the secrecy of classified information. CISOs are neutral security specialists responsible for advising the Court on matters related to maintaining the security of classified information and implementing procedures designed to prevent the unauthorized disclosure of such information. Robert Timothy Regan, <u>Keeping Government Secrets: A Pocket Guide for Judges on the State-Secrets Privilege, the Classified Information Procedures Act, and Classified Information Security Officers</u>, 21 (Federal Judicial Center 2d ed. 2013) (hereinafter "FJC Guide"). The

CISO's obligation is to help the Court and the parties protect classified information. The CISO acts in this manner with the approval of the Court, separate and apart from attorneys representing the United States. Id. CISOs often provide assistance to parties opposing the Government in court. Id.

4. CISOs assist the Court and litigants in the protection of classified national security information by:

   a. Facilitating the transportation and handling of, and overseeing the physical security of, classified documents and other classified material in the custody of the Court and parties;

   b. Managing the filing of classified documents by the parties and the docketing of classified orders or opinions issued by the Court;

   c. Assisting court staff in applying for and obtaining sufficient security clearances, and providing to the Court and court staff found to be eligible for security clearance with security briefings and training on the proper safeguarding of classified information[1];

---

[1] This training is sometimes referred to by the Government as "security indoctrination briefings."

d. Assisting defense counsel in applying for and obtaining security clearances if and when his/her/their need to review classified information arises or as otherwise ordered by the Court, and providing to counsel found to be eligible for security clearance with security briefings and training on the proper safeguarding of classified information;

e. Acting as the liaisons between the Court, litigants and agencies holding equities[2] in classified information;

f. Arranging for appropriately approved Secure Areas used by the Court and, if necessary, the defense, for the storage, review, and processing of classified information;

g. Maintaining a separate sealed record for those filed documents containing classified materials, and retaining such record and filed documents for purposes of later proceedings or appeal;

h. Identifying, recommending, and certifying a secure location in the courthouse, or elsewhere if necessary, where any *in camera* proceedings concerning classified information can be held; and

---

2 "Equities" refer to information "(1) [o]riginally classified by or under the control of an agency; (2) [i]n the possession of the receiving agency in the event of transfer of function; or (3) [i]n the possession of a successor agency for an agency that has ceased to exist." 36 C.F.R. § 1260.2.

i. Performing other duties as directed by the Court and outlined in the CIPA Security Procedures.

5. In accordance with paragraph 2 of the CIPA Security Procedures, the Security Officer, Department of Justice Management Division, Security and Emergency Planning Staff, has certified to the Court that Security Specialists Daniel O. Hartenstine, Maura L. Peterson, and Carli V. Rodriquez-Feo are cleared for the level and category of classified information that is anticipated to be involved in this litigation. [United States' Motion to Designate a Classified Information Security Officer at Appendix A, Letter dated Feb. 10, 2016, from James L. Dunlap, Department Security Officer, Doc. 40]. Furthermore, the Court has personally interviewed the above-named Security Specialists and finds that they: (a) are qualified to assist the Court in protecting classified information; (b) are neutral with respect to the litigants and the disposition of this case; and (c) understand the Court's intent to provide the Defendant with due process and a speedy trial consistent with the United States Constitution, the Federal Rules of Criminal Procedural and all applicable statutes, including CIPA.

Accordingly, **IT IS, THEREFORE, ORDERED** that:

1. Daniel O. Hartenstine is appointed as the Primary CISO and Maura L. Peterson and Carli V. Rodriquez-Feo are appointed as Alternate CISOs in this case.

2. The CISO shall perform the duties specified above and as outlined in the CIPA Security Procedures. In the event of the unavailability of the CISO, either one or both of the Alternate CISOs shall perform the same in his stead.

3. The CISO shall be available to assist both the Government and Defense with respect to the proper protection of classified information and, if necessary, the implementation of the Court's Protective Order in the event classified information is disclosed to the defense in this case. In the event of the unavailability of the CISO, either one or both of the Alternate CISOs shall perform the same in his stead.

4. In accordance with the CIPA Security Procedures:

    a. No person appointed by the Court shall be given access to any classified information in the custody of the Court, unless such person first has received the appropriate

security clearance and access to such information is necessary for the performance of an official function.

b. The Court has notified the CISO of the names of court personnel who may require access to classified information. The CISO shall notify the Department of Justice Security Officer, who shall promptly make arrangements to obtain any necessary security clearances for such court personnel and for any additional court personnel whom are identified in the future.

c. All security clearance requests shall be reviewed and determinations shall be made in accordance with the adjudication standards of the Executive Branch applicable to the level and category of classified information involved. The CISO, on behalf of the Department of Justice Security Officer, shall advise the Court when the necessary security clearances have been obtained.

d. If the Court requests that security clearances for certain court personnel be expedited, such requests shall be processed as expeditiously as possible.

e.  If a proceeding is required to be recorded and an official court reporter having the necessary security clearance is unavailable, the Court may request the CISO have a cleared reporter designated to act as a reporter in the proceedings. The reporter so designated must take the oath of office as prescribed by 28 U.S.C. § 753(a). The CISO may also make alternative arrangements for recording the hearing provided those arrangements are consistent with requirements for the protection of classified information and are approved by the Court.

f.  Classified information may be disclosed only to persons who possess both the appropriate security clearance and the requisite need to know the information in the performance of an official function. However, nothing contained in the CIPA Security Procedures precludes this Court from performing its official duties, including giving appropriate instructions to a jury.

g.  Upon issuance of this Order, the CISO will provide defense counsel with directions allowing her to gather information

required to complete and promptly submit a security clearance application should such clearance become necessary. In the event that the Court determines that it may become necessary for the Government to disclose classified information to defense counsel in this case, the CISO will promptly assist defense counsel in submitting the forms required to apply for a security clearance at the level needed to review any classified information disclosed in this case. If so ordered, the CISO will request that defense counsel's application for a security clearance be expedited.

h. In the event the Defendant is found guilty of any offense in this case and classified information becomes pertinent to an issue in the sentencing phase of the case, the CISO will contact the United States Probation Officer responsible for preparation of the Pre-Sentence Report (PSR) to assist in the application for a security clearance within the time required under local court rules for the production of a PSR. If such a clearance is not feasible within the time required

for production of the PSR, the CISO will assist the Court in locating a U.S. Probation Officer with the requisite security clearance from another District to be temporarily assigned to this case.

**IT IS SO ORDERED.**

Signed: March 28, 2016

Martin Reidinger
United States District Judge