# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00005-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| JUSTIN NOJAN SULLIVAN, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## DISCOVERY PROTECTIVE ORDER

Upon motion of the United States, the Court being advised as to the nature of this case, and there being no objection by the parties, the Court hereby enters the following Protective Order.  This Protective Order supersedes the Sealed Discovery Protective Order previously entered in this matter.  [Doc. 15].

**IT IS, THEREFORE, ORDERED** as follows:

1. Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that the discovery materials provided by the Government are subject to the conditions contained herein.

2. Discovery materials may only be disclosed to those persons deemed necessary to assist defense counsel, including those in the following categories: (a) co-counsel, paralegals, investigators, translators, litigation support personnel, secretarial staff, (collectively "Category 2(a) persons"); (b) experts or consultants ("Category 2(b) persons"); and (c) potential lay witnesses (and their counsel) ("Category 2(c) persons").

3. Prior to making any such disclosure, defense counsel shall ensure that the person to whom disclosure is to be made agrees to abide by the terms of this Protective Order and signs a copy of this Protective Order on the form that is an attachment hereto. Defense counsel shall maintain a list of persons to whom materials are disclosed and retain copies of the Protective Order signed by such persons.

4. Only Category 2(a) persons who have signed the Protective Order may retain copies of discovery materials and shall maintain the discovery materials in a secure place and manner such that only authorized persons have access to them.

5. Category 2(b) persons who have signed the Protective Order may retain copies of discovery materials only with the prior express approval of the Government and shall maintain the discovery materials in a secure place and manner such that only authorized persons have access to them. If,

however, the Government denies such approval, the Defendant may seek an order of this Court allowing such disclosure. The defense may seek relief from the Court in the event the Government refuses prior express approval to disclose materials to a proposed Category 2(b) person. In justifying its position, the Government may present information to the Court *ex parte.*

6. Category 2(c) persons above may not copy, retain or otherwise possess any discovery materials.

7. Any person who receives discovery materials from the Government is prohibited from using such document in any way, except to assist counsel for the Defendant in the investigation or preparation of this case, and is also prohibited from reproducing or disseminating any such materials to any other person or entity, except as provided for in this Order.

8. All discovery materials are to be used by the parties solely for the purpose of allowing the parties to prepare their case, and none of the materials produced by the Government shall be disseminated by the Government or the defense to the media.

9. The Government may designate certain discovery materials as sensitive ("Sensitive Discovery Materials"). The Sensitive Discovery Materials provided shall be clearly identified as such. Any documents, papers, or pleadings filed with the Court which: (a) quote directly from

Sensitive Discovery Materials, (b) summarize or refer to the contents of the Sensitive Discovery Materials, or (c) attach copies of Sensitive Discovery Materials, shall be filed under seal, unless the parties agree to the public filing of such information, or such information has already been publicly disclosed, or the Court rules that it may be filed on the public docket. A copy of this Protective Order shall be maintained with the Sensitive Discovery Materials at all times.

10. The Defendant may review the Sensitive Discovery Materials only while in the presence of Category 2(a) persons who shall retain possession of those Sensitive Discovery Materials. Sensitive Discovery Materials shall not be disclosed to Category 2(b) persons or Category 2(c) persons without the express prior approval of the Government. If, however, the Government denies such approval, the Defendant may seek an order of this Court allowing such disclosure. Nothing in this Order shall in any way limit defense counsel's authorization to provide to the Defendant discovery materials that have not been deemed to be Sensitive Discovery Material.

11. All information concerning the actual or cover personal identifiers of Under Cover Employees ("UCEs") shall be considered to be Sensitive Discovery Material even if not otherwise designated as such. The Defendant and defense counsel shall not disclose any information about a UCE to

anyone other than Category 2(a) persons. The Defendant, defense counsel, and any such Category 2(a) persons shall not publicly disclose the actual or cover names, or any other identifying information, of any UCE.

12. This Protective Order does not in any manner limit the right of defense counsel to reproduce or disseminate any information or document obtained from sources other than the Government even if the same information is within the material provided to the defense by the Government in the discovery process.

13. If the Defendant obtains substitute counsel, the defense counsel of record will return all discovery materials subject to this Order to the Government. Defense counsel shall not transfer any notes, transcripts, documents, or other information derived or prepared from the discovery material to substitute counsel without leave of Court.

14. Any classified information will be governed by the applicable laws and rules applying to the disclosure and handling of classified information, the Classified Information Procedures Act, 18 U.S.C. App. III § 1 et seq., and any Order of this Court.

15. All discovery materials that are provided to the defense in this case are now and will forever remain the property of the Government. Defense counsel will return all discovery materials, including, but not limited to the

Sensitive Discovery Materials, and all copies thereof, to the Government at the conclusion of the case, and it will erase from its computers and servers any of the Sensitive Discovery Materials that exist in electronic form. Any derivative materials, such as copies, transcripts, and any other work product in any way derived from the Sensitive Discovery Materials, shall be delivered to and maintained by the Department of Justice Management Division, Security Emergency Planning Staff, until the conclusion of this criminal case, including any direct appeal or collateral proceedings, whenever such proceedings may be filed.

16. If any party believes an exception should be made to this Protective Order, the parties will confer, and if unable to agree any party may move the Court for an exception or modification. This provision shall particularly include, but is not limited to, any dispute between the parties as to whether any discovery materials has been properly deemed to be Sensitive Discovery Material. The parties shall file a motion regarding any agreed-upon exceptions made to the Protective Order.

17. Nothing in this Order shall preclude the Government or the Defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

**IT IS SO ORDERED.**  Signed: March 28, 2016

Martin Reidinger
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00005-MR-DLH**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **JUSTIN NOJAN SULLIVAN,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

The undersigned hereby acknowledges that he or she has read the Discovery Protective Order dated [enter date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms.

Reason for disclosure to this person: _____

_____

Category 2(a)   _____
Category 2(b)   _____
Category 2(c)   _____

_____
Signature

_____
Printed Name

_____
Date