# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00005-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>JUSTIN NOJAN SULLIVAN, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Attorney M. Victoria Jayne's Motion for Limited Appearance and Motion to Intervene. [Docs. 63, 64]. For the reasons stated below, Attorney Jayne's motions are denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was initially charged by way of criminal complaint on June 22, 2015. [Doc.1]. At his initial appearance on the criminal complaint, Defendant requested appointment of counsel, and the Magistrate Judge

appointed Assistant Federal Defender Fredilyn Sison to represent him. [See Oral Order of Jun. 22, 2015].[1]

On August 16, 2016, the Defendant was charged in a Superseding Bill of Indictment with attempted material support of a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) (Count One); receipt of a silencer in interstate commerce with intent to commit a felony, in violation of 18 U.S.C. § 924(b) (Count Two); receipt and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count Three); possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Four); use of interstate facilities in the attempted commission of a murder-for-hire, in violation of 18 U.S.C. § 1958 (Count Five); two counts of false statement to an agency of the United States, in violation of 18 U.S.C. § 1001(a)(2) (Count Six and Seven); and two counts conspiracy to commit an act of terrorism transcending national boundaries, in violation of 18 U.S.C. § 2332b(a)(1) and (2) (Count Eight and Nine). [Doc. 44]. On August 18, 2016, the Defendant, through counsel, filed a signed waiver of his right to appear personally for an arraignment, entered a plea of not guilty, and requested a jury trial on all counts. [Doc. 45].

---

[1] Attorney Sison has remained the counsel of record for Defendant throughout all proceedings in this matter and has diligently and competently represented Defendant's interests throughout.

On November 14, 2016, the parties filed a written Plea Agreement signed by counsel for the Government, Defendant, and Defendant's counsel Attorney Sison. [Doc. 50]. Pursuant to the Plea Agreement, Defendant agreed to plead guilty to Count Nine of the Superseding Bill of Indictment. [Id.] In exchange for Defendant's guilty plea, the Government agreed to dismiss the remaining Counts in the Superseding Bill of Indictment and pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedure make the binding joint recommendation to the Court that the Defendant be sentenced to a term of life imprisonment. [Id.].

On November 29, 2016, the Court conducted a thorough and careful hearing in accordance with Rule 11 of the Federal Rules of Criminal Procedure. [Doc. 54]. The Defendant and his counsel did not dispute the filed Factual Basis, with the exception of the facts that were stated in italics. [Docs. 51, 54].[2] The Court found Defendant's plea was supported by an independent basis in fact containing each of the elements of the offense charged against the Defendant in Count Nine of the Superseding Bill of Indictment. [Id.]. The Court, based on the representations and answers given by the Defendant under oath and his counsel Attorney Sison, found that the

---

[2] The facts stated in italics were not admitted by Defendant. [Id.].

Defendant's decision to plead guilty was knowing and voluntary, and therefore accepted his plea. [Id.].

On February 23, 2017, a draft Presentence Investigation Report was filed by the United States Probation Office. [Doc. 57]. The Government and Defendant, through counsel, have made objections to the draft Presentence Investigation Report based on the parties' respective interests. [Doc. 58, Doc. 60]. On March 30, 2017, the final Presentence Investigation Report and Recommendation were filed. [Doc. 61, 62]. On April 26, 2017, a Notice of Hearing for sentencing was set for June 27, 2017, and remains scheduled for that time. [Docket entry dated 04/26/2017].

On May 25, 2017, Attorney Jayne filed her Motion for Limited Appearance and Motion to Intervene. [Docs. 63, 64].[3] Attorney Jayne moves in her Motion for Limited Appearance for the Court to allow her to make a limited appearance for the purpose of arguing her Motion to Intervene. [Doc. 63]. Attorney Jayne moves in her Motion to Intervene for the Court to allow her to intervene for the purpose of requesting the Court to disallow any and all evidence, testimony, and documents offered by the Government at

---

[3] Attorneys Jayne and Matthew Cabe are Defendant's appointed counsel in an ongoing state proceeding, in which Defendant is charged with first degree murder. State of North Carolina v. Sullivan, 16 CRS 136 (Burke County Superior Court).

4

Defendant's sentencing hearing that are connected in any way with the Defendant's ongoing state first degree murder charge. [Doc. 64].

On May 31, 2017, the Government filed a response in opposition to Attorney Jayne's motions. [Doc. 65]. Defendant's counsel of record, Attorney Sison, has not made any filings addressing Attorney Jayne's motions.

## II. DISCUSSION

There is no provision in the Federal Rules of Criminal Procedure for intervention by a third-party or non-party in a criminal proceeding. United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008). The only exception to this of which the Court is aware or has been brought to the Court's attention is that federal courts have permitted limited intervention by the general public and the media for the purpose of pursuing access to material made part of the record during court proceedings. See, e.g., Aref, 533 F.3d at 81; In re Associated Press, 162 F.3d 503, 507 (7th Cir. 1998); Stephens Media, LLC v. Eighth Jud. Dist. Ct., 221 P.3d 1240, 1247 (Nev. 2009); United States v. Loughner, 807 F. Supp. 2d 828, 830 (D. Ariz. 2011); United States v. Bundy, No. 2:16-CR-00046-GMN-PAL, 2016 WL 3606779, at 3 (D. Nev. July 1, 2016). The Fourth Circuit has recognized that under the common law and First Amendment, members of the press may intervene in order to access

judicial records and documents in a criminal case. United States v. Moussaoui, 65 F. App'x 881, 885 (4th Cir. 2003).

Here, Attorney Jayne is not moving to intervene to gain access to materials, but seeks to represent the Defendant and make arguments on his behalf. To the extent that the motion is made on behalf of the Defendant, such motion is entirely improper, as Attorney Jayne is not counsel of record for the Defendant in this case, and there is no indication that Defendant has sought for any additional counsel to appear on his behalf in this matter. The Defendant is represented by very able counsel of record, Attorney Sison, and there is nothing in the record to indicate that there is any conflict or lack of communication between Defendant and Attorney Sison. There is no indication in the record that Defendant has requested his state-appointed counsel to appear for him in this matter. There has been no motion to withdraw by counsel of record, no notice of substitution of counsel, and no indication that Attorney Jayne would be appearing as co-counsel.[4] Most importantly, there is nothing in the record that indicates Attorney Sison has

---

[4] The Defendant has been declared indigent and thus has been appointed counsel. Since this is a non-capital case, Defendant is only entitled to a single appointed attorney, except in very unusual circumstances. Nothing before this Court indicates that any party is asserting that such unusual circumstances are present in this matter.

not, or will not, continue to represent Defendant's best interests zealously, competently, and professionally.

For all of these reasons and in the exercise of its discretion, the Court denies Attorney Jayne's motions.

## ORDER

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that Attorney M. Victoria Jayne's Motion for Limited Appearance and Motion to Intervene, [Docs. 63, 64], are **DENIED.**

**IT IS SO ORDERED.**

Signed: June 21, 2017

Martin Reidinger
United States District Judge

7

Case 1:16-cr-00005-MR-DLH   Document 68   Filed 06/21/17   Page 7 of 7