1          UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
2                 (Asheville Division)

3
   ---------------------------x
4  UNITED STATES OF AMERICA,  :
            Plaintiff,     :
5                             :
                             :
6  vs                        :Criminal Action:1:16-CR-05
                             :
7  JUSTIN NOJAN SULLIVAN,     :
            Defendant.     :
8  ---------------------------x

9
                          Tuesday, November 29, 2016
10                         Asheville, North Carolina

11
        The above-entitled action came on for a Rule
12 11/Entry of Guilty Plea Proceeding before the HONORABLE
   MARTIN K. REIDINGER, United States District Judge, in
13 Courtroom 1, commencing at 9:17 a.m.

14
           **APPEARANCES**:
15         On behalf of the Plaintiff:
           **MICHAEL E. SAVAGE, Esquire**
16         U. S. Attorney's Office
           227 W. Trade Street
17         1700 Carillon
           Charlotte, North Carolina  28202
18
           **GREGORY R. GONZALEZ, Esquire**
19         United States Department of Justice
           950 Pennsylvania Avenue, NW
20         Washington, D. C.  20530

21         On behalf of the Defendant:
           **FREDILYN SISON, Esquire**
22         Federal Defenders of WNC
           1 Page Avenue, Suite 210
23         Asheville, North Carolina 28801

24
   Tracy Rae Dunlap, RMR, CRR          828.771.7217
25 Official Court Reporter

1                          **I N D E X**

                                        <u>Page</u>
2   Justin Nojan Sullivan.........................4

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                                      <u>Page</u>

25   Reporter's Certificate .......................26

**P R O C E E D I N G S**

1

2   THE COURT:  Good morning, everyone.  We have one

3   matter on the calendar for this morning and it is the

4   case of United States versus Justin Nojan Sullivan which

5   is on for a change of plea and a Rule 11 inquiry.  Before

6   we begin.  Ms. Sison, good morning.  Is the defendant

7   prepared to proceed?

8       MS. SISON:  Mr. Sullivan is, Your Honor.

9       THE COURT:  Mr. Savage, is the government

10  prepared to proceed?

11      MR. SAVAGE:  Yes, we are, Your Honor.

12      THE COURT:  Mr. Sullivan, the Court has been

13  advised that you have decided to change your plea in this

14  case and that you have previously pled "not guilty," and

15  that you are changing your plea to plead "guilty" with

16  regard to a charge that is in your superseding

17  indictment.  Under the Federal Rules of Criminal

18  Procedure, the Court is required to advise you as to

19  certain things as to your plea and to inquire about

20  certain things.  Therefore, I must ask you some questions

21  and you will be required to personally respond under oath

22  to those questions.

23      So, with that, Mr. Sullivan I need for you to

24  stand.  And I will ask the Clerk to administer the oath

25  or affirmation.

1              (Witness duly sworn at 9:19 a.m.)

2                  **EXAMINATION**

3        BY THE COURT:

4    Q.    Mr. Sullivan, do you understand that you are now

5    under oath and that you are required to give truthful

6    answers to the questions that I am about to ask you?

7    A.    Yes.

8    Q.    Do you understand that if you give false

9    information under oath that you may be prosecuted for

10   perjury or false statements?

11   A.    Yes.

12   Q.    Are you able to hear and understand my questions?

13   A.    Yes.

14   Q.    There has been presented to me a document that is

15   entitled "Sealed Addendum to Entry and Acceptance of

16   Guilty Plea" which provides information to the Court

17   concerning your name, age, education, use of drugs or

18   alcohol, and medical information.  Did you provide the

19   information for the completion of that document and did

20   you sign that document?

21   A.    Yes.

22   Q.    Is all of the information provided in that

23   document true and accurate?

24   A.    Yes.

25   Q.    Is your mind clear, and do you understand that you

1   are here today to enter a guilty plea that may not later

2   be withdrawn except in some limited circumstances that I

3   will explain to you?

4   A.      Yes.

5   Q.      Do you understand that you are here today to enter

6   a guilty plea pursuant to Rule 11(c)(1)(C) of the Federal

7   Rules of Criminal Procedure?  I am advised that -- I am

8   advised, from the plea agreement, that the attorneys for

9   the government and you and your attorney have agreed that

10  a specific sentence is the appropriate disposition of

11  your case.  And if the Court accepts the plea agreement

12  and then accepts the sentence, the agreed sentence will

13  be included by the Court in the judgment.  If the Court

14  rejects the plea agreement or if the Court rejects the

15  specific sentence recommendation, then you will be given

16  the opportunity to withdraw your plea of guilty.  Do you

17  understand all of these things?

18  A.      Yes.

19  Q.      Have you reviewed the superseding Bill of

20  Indictment with your attorney, and have you and your

21  attorney reviewed the plea agreement?

22  A.      Yes.

23  Q.      From my examination of the plea agreement I am

24  advised that you are pleading "guilty" to Count Nine as

25  contained in the superseding Bill of Indictment which

charges you with Attempted Acts of Terrorism Transcending
National Boundaries.  Are you in fact pleading guilty to
this count as contained in the superseding Bill of
Indictment?

A.     Yes.

Q.     I will now advise you as to some of the
particulars regarding that charge.  You are charged in
Count Nine of the superseding Bill of Indictment with
violating Title 18, United States Code, Sections
2332b(a)(1) and (2) which read, in pertinent part, as
follows:

        1.  Offenses.  Whoever, involving conduct
        transcending national boundaries and in a
        circumstance described in subsection (b).
        (A) kills, kidnaps, maims, commits an assault
        resulting in serious bodily injury, or assaults
        with a dangerous weapon any person within the
        United States or (B) creates a substantial risk of
        serious bodily injury to any other person by
        destroying or damaging any structure, conveyance,
        or other real or personal property within the
        United States, or by attempting or conspiring to
        destroy or damage any structure or conveyance or
        other real or personal property within the United
        States, in violation of the laws of any state or

1    of the United States shall be punished as

2    prescribed in subsection (C).

3    2.  Treatment of threats, attempts, and

4    Conspiracies.  Whoever threatens to commit an

5    offense under paragraph one, or attempts or

6    conspires to do so, shall be punished under

7    subsection (c).

8    (B.)  Jurisdictional bases (1) Circumstances.  The

9    circumstances referred to in subsection (a)

10   include (A) the mail or any facility of interstate

11   or foreign commerce if used in furtherance of the

12   offense, or (b) the offense obstructs, delays or

13   affects interstate or foreign commerce or would

14   have so obstructed, delayed or affected interstate

15   or foreign commerce if the offense had been

16   consummated.

17   The essential elements the government would be

18   required to prove beyond a reasonable doubt are as

19   follows.

20   1.  The defendant knowingly and intentionally

21   attempted to kill, maim or assault one or more

22   persons within the United States in violation of

23   state or federal law; 2.  The defendant's conduct

24   transcended national boundaries; and 3.  The

25   defendant used a facility of interstate or foreign

1          commerce in furtherance of the offense or the

2          offense, if consummated, would have obstructed

3          delayed or affected interstate or foreign

4          commerce.

5          The maximum penalties for this offense as

6     described by United States Code, Section 2232b(c) are a

7     term of imprisonment for life, a fine of $250,000, a term

8     of supervised release for any term of years or life, and

9     a $100 special assessment.

10          Mr. Sullivan, do you fully understand the charge

11    against you, including the maximum penalties?

12    A.     Yes.

13    Q.     Do you understand each element of the offense

14    charged?

15    A.     Yes.

16    Q.     Do you understand that upon a plea of "not

17    guilty," the government would be required to prove each

18    element of the offense charged beyond a reasonable doubt?

19    A.     Yes.

20    Q.     Do you understand that the government would be

21    required to prove that the unlawful acts were committed

22    knowingly, willfully, intentionally, and unlawfully?

23    A.     Yes.

24    Q.     Have you been advised by your attorney that if you

25    are not a citizen of the United States your guilty plea

1   may result in your deportation or removal from this

2   country, your exclusion from admission to this country,

3   or the denial of your naturalization under federal law?

4   A.     Yes.

5   Q.     If the Court imposes an active term of

6   imprisonment of more than one year, the Court is required

7   to order a term of supervised release.  And a term of

8   supervised release may be ordered in other circumstances

9   as well.  This means that after a defendant is released

10  from prison there are certain terms and conditions they

11  will be required to follow.  The length of supervised

12  release usually ranges from one to five years but may be

13  more or less than that for certain offenses.  Do you

14  understand the term "supervised release" as the Court has

15  explained it to you?

16  A.     Yes.

17  Q.     Do you understand that if you violate the terms

18  and conditions of supervised release you could be

19  returned to prison for an additional period of time?

20  A.     Yes.

21  Q.     Do you understand that parole has been abolished

22  in the federal system and if you are sentenced to a term

23  of imprisonment you will not be released on parole?

24  A.     Yes.

25  Q.     Have you and your attorney discussed how the

1   Sentencing Guidelines may apply in your case?

2   A.      Yes.

3   Q.      Do you understand how these guidelines may apply

4   to you?

5   A.      Yes.

6   Q.      Do you understand that even though your plea is

7   being presented under Rule 11(c)(1)(C) of the Federal

8   Rules of Criminal Procedure, the Court must consult the

9   United States Sentencing Guidelines and take them into

10  account in determining whether or not to accept your plea

11  and enter a specific sentence in accordance with that set

12  forth in the written plea agreement?

13  A.      Yes.

14  Q.      Do you understand that the sentence the Court will

15  impose will be within the statutory limits for the

16  offense to which you are pleading guilty?

17  A.      Yes.

18  Q.      Do you understand that it is within the Court's

19  sound discretion as to whether or not to accept the plea

20  agreement and enter a judgment for the agreed upon

21  specific sentence?

22  A.      Yes.

23  Q.      Do you understand that the Court will follow the

24  procedural components of the guidelines system which

25  means that the probation office will prepare a

presentence report which contains guidelines

calculations, and both you and the government will have

the opportunity to object to any alleged deficiencies in

that report?

A.    Yes.

Q.    Do you understand that due to your plea being

pursuant to Rule 11(c)(1)(C) of the Federal Rules of

Criminal Procedure that if the Court accepts the plea

then such acceptance is conditional upon the court

imposing a sentence that is consistent with the agreed

disposition set forth in the written plea agreement?

A.    Yes.

Q.    Do you understand that if the Court does not

accept and impose the specific sentence as agreed between

yourself and the government in the plea agreement you

will be given an opportunity to withdraw your plea of

guilty?

A.    Yes.

Q.    Do you understand that the Court has the

discretion, in appropriate circumstances, to order you to

make restitution to any victim of the offense?  The Court

may also, in appropriate circumstances, require you to

pay the costs of your confinement in prison or costs of

supervision or special investigative costs, or all of

these costs?  The Court may also require you to forfeit

1   property involved in the offenses.  Do you understand

2   these requirements as I have explained them to you?

3   A.      Yes.

4   Q.      Do you understand you have a right to plead "not

5   guilty," to have a speedy trial before a judge and jury,

6   to summon witnesses to testify in your behalf, and to

7   confront the witnesses against you?

8   A.      Yes.

9   Q.      Do you understand that if you exercise your right

10  to trial you would be entitled to the assistance of an

11  attorney, that you would not be required to testify, that

12  you would be presumed innocent, and the burden would be

13  on the government to prove your guilt beyond a reasonable

14  doubt?  Do you understand all of these rights?

15  A.      Yes.

16  Q.      Do you understand that by entering a plea of

17  "guilty," you forfeit and waive, or give up, your right

18  to plead "not guilty," to a trial by jury and at that

19  trial to the -- the right to assistance of counsel, the

20  right to confront and cross-examine witnesses against

21  you, and the right against compelled self-incrimination

22  or any other rights associated with a jury trial?

23          Do you understand that by entering this plea of

24  "guilty" that you are waiving, or giving up, all of those

25  rights?  There will be no trial.  And your plea of

1  "guilty" -- if your plea of "guilty" is accepted, there

2  will be one more hearing where the Court will determine

3  whether to impose the agreed upon sentence.  Do you

4  understand all of these things?

5  A.    Yes.

6  Q.    Are you in fact guilty of the count of superseding

7  Bill of Indictment to which you have come to court today

8  to plead guilty?  That is, did you commit the acts

9  described in Count Nine of the superseding Bill of

10 Indictment?

11 A.    Yes.

12 Q.    There has been filed with the Court a 24-page

13 document entitled "Factual Basis."  Have you had an

14 opportunity to review that document with your attorney?

15 A.    Yes.

16 Q.    Do you understand the contents of that document?

17 A.    Yes.

18 Q.    On the last page of that document your attorney

19 has signed a statement that reads:  "The defendant does

20 not dispute this factual basis with the exception of

21 those facts which are stated in italics."  Is that a true

22 statement?  That is, do you not dispute the statements in

23 that document with the exception of those portions

24 written in italics?

25 A.    Yes.

```
1   Q.      Is your plea of guilty voluntary?

2   A.      Yes.

3   Q.      Other than the promises contained in your written

4   plea agreement, has anyone made any promise to you or

5   threatened you in any way to cause you to enter this plea

6   of guilty against your wishes?

7   A.      No.

8   Q.      Do you enter this plea of guilty of your own free

9   will, fully understanding what you are doing?

10  A.      Yes.

11  Q.      Do you understand that entering a plea of guilty

12  to a felony charge may deprive you, at least for a time,

13  of certain civil rights such as the right to vote, hold a

14  public office, serve on a jury, or possess a firearm?

15  A.      Yes.

16  Q.      Is your willingness to plead guilty the result of

17  prior discussions between your attorney and the attorney

18  for the government?

19  A.      Yes.

20  Q.      Have you and the government entered into a plea

21  agreement regarding this case?

22  A.      Yes.

23          THE COURT:  Mr. Savage, if I could call on you to

24  present the terms of the plea agreement.

25          MR. SAVAGE:  Yes, Your Honor.  And I will -- for
```

1   the sake of brevity, I'll highlight the most important --

2   some of the more important terms.  Of course all the

3   terms are important, and this document is number 50 on

4   the Court's docket.

5        The parties agreed by and through the United

6   States attorney for the Western District of North

7   Carolina and Mr.  Justin Nojan Sullivan, in person and

8   through his counsel, Fredilyn Sison that they have

9   reached agreement under Federal Rule of Criminal

10   Procedure 11(c)(1)(C).  In this agreement, the defendant

11   agrees to enter a voluntary plea of guilty to Count Nine

12   as set forth in the superseding Bill of Indictment and,

13   as he has done here today, admits to in fact being guilty

14   of Intentional Acts of Terrorism Transcending National

15   Boundaries, in violation of United States Code, Section

16   2332b(a)(1) and (a)(2) as charged in Count Nine.

17        The defendant understands and agrees that every

18   provision set forth in this agreement is a material term.

19   And his failure to comply with any provision of the

20   agreement or attempt to withdraw the plea agreement would

21   relieve the United States of its obligations under the

22   plea agreement, but the defendant would not be relieved

23   of the defendant's obligation or allowed to withdraw his

24   guilty plea.

25        Because the plea is offered pursuant to Rule

11(c)(1)(C), if the Court accepts the plea agreement, the
Court may not impose a lesser or greater sentence than
that agreed by the parties, per the agreement.  The
defendant is aware that the statutory maximum sentence
for the violation of this statute is a term of life
imprisonment and a fine not exceeding $250,000.  In
addition, the defendant, as the Court stated, understands
if there's a violation of supervised release may subject
the defendant to additional periods of incarceration.

The plea agreement is made pursuant to 11(c)(1)(C)
and binds the Court only to the terms as set forth in
paragraph seven.  Under paragraph seven, which is bolded,
Your Honor, the defendant and the United States agree to
make a binding recommendation to this court that the
defendant be sentenced to a term of life imprisonment.
Pursuant to the United States Sentencing Guidelines
policy, the parties stipulate that the agreed sentence in
paragraph seven is within the applicable guideline range.
And in this regard, the parties agree they will jointly
recommend the Court make the following findings and
conclusions as to the federal sentencing guidelines.
That the applicable guideline for Count Nine is
Sentencing Guideline 2A2.1.  The object of the
defendant's attempt would have constituted First-Degree
Murder resulting in a base level offense of 33.  The

terrorism enhancement under guideline Section 3A1.4
applies because Count Nine is a felony that involved and
was intended to promote a federal crime of terrorism as
that is defined in Title 18, United States Code, Section
2332b(g)(5).

The United States agrees the defendant's entry of
a plea is timely for the purposes of guidelines section
3B1.1(e).  Based on this, the total offense level the
defendant, including acceptance of responsibility, would
be offense level 42.  Under the terrorism enhancement it
would be criminal category VI, which is a sentence of 361
months to life in prison.  The parties agree they will
not seek a departure or variance from the applicable
guideline, but the United States will inform the Court
and probation of all facts pertinent to the sentencing
process.

Your Honor, there are many standard terms in this
district with regards to paragraph nine and financial
disclosures, monetary penalty and forfeitures.  With
regards to restitution.  The defendant, regardless to
loss amount, agrees to pay restitution to all victims
directly or indirectly harmed by the relevant conduct,
including conduct pertaining to any dismissed counts or
uncharged counts.  To make full disclosure of all current
and projected assets to the United States Probation

1  Office.  With regard to each and every asset listed in

2  the superseding Bill of Indictment or seized in a later

3  investigation, the defendant stipulates and agrees to the

4  forfeiture of those items and, if necessary, as to

5  substitute property.

6       The defendant waives all rights of notice of

7  forfeiture under set Rule 33.2.  If the United States

8  discovers the defendant has not disclosed all assets, the

9  United States may seize forfeiture of any subsequent

10  discovered assets.  The defendant agrees to participate

11  in the inmate financial responsibility program and fill

12  out all financial obligations due and owing under this

13  agreement.

14       The defendant stipulates there is a factual basis

15  as required by Rule 11(b)(3) for this plea of guilty.  He

16  further stipulates that he has read and understands the

17  factual basis following this plea agreement and the

18  factual basis used by the court and probation office

19  without objection by the defendant to determine the

20  applicable advisory guideline or appropriate sentence.

21  Under Title 18, United States Code, Section 3553(a),

22  unless the factual basis itself notes the defendant's

23  right to object, a particular fact has been explicitly

24  reserved.

25       Your Honor, there are a number of important

waivers and the Court has covered certain of those

already in its colloquy.  I will note that the defendant,

by pleading guilty, expressly waives his right in this

plea agreement to contest the conviction on appeal except

for claims of ineffective assistance of counsel or

prosecutorial misconduct.

Your Honor, this plea agreement is effective and

binding once it is signed by the defendant and the United

States.  It was signed by all the parties on about the

10th of November, 2016, and there is no agreements,

representations or understandings between the parties in

this case other than those explicitly set forth in this

plea agreement, nor will there be unless it is contained

in writing and provided to the Court in a filed pleading.

THE COURT:  Thank you, Mr. Savage.

**FURTHER EXAMINATION**

BY THE COURT:

Q.     Mr. Sullivan, do you understand and agree with

the terms of the plea agreement as they have just been

explained to you?

A.     Yes.

Q.     Is this your signature on the plea agreement?

A.     Yes.

Q.     Have you discussed your right to appeal with your

attorney and do you understand that the plea agreement in

1  this case provides that you may not appeal your

2  conviction or sentence or contest the same in a post-

3  conviction proceeding unless it is on the grounds of

4  prosecutorial misconduct or ineffective assistance of

5  counsel?

6  A.    Yes.

7  Q.    Do you knowingly and willingly accept the

8  limitation on your right to appeal and to file post-

9  conviction proceedings?

10  A.    Yes.

11        THE COURT:  Ms. Sison, have you reviewed each of

12  the terms of the plea agreement with the defendant and

13  are you satisfied that he understands those terms?

14        MS. SISON:  Yes, sir.

15  **FURTHER EXAMINATION**   BY THE COURT:

16  Q.    Mr. Sullivan, have you had ample time to discuss

17  with your attorney any possible defenses that you may

18  have to this charge, and have you told your attorney

19  everything you want her to know about this case?

20  A.    Yes.

21  Q.    Are you entirely satisfied with the services of

22  your attorney?

23  A.    Yes.

24  Q.    Are you telling the Court that you know and

25  understand fully what you are doing and that you heard

1   and understood all the parts of this proceeding, and that

2   you want the Court to accept your plea of guilty?

3   A.      Yes.

4   Q.      Do you have any questions, statements or comments

5   to make about anything brought up or discussed in the

6   course of this proceeding?

7   A.      Yes.  I'd say -- you know, the prosecutor was

8   saying that I stole the money, but that's not my money.

9   I never knew Clark.  And it was definitely not my money.

10  And they made up a bunch of lies about me in the

11  superseding indictment.  They're saying things I never

12  said.  And the factual basis, unless I went over it, all

13  the lies in there would still be there.  And I'll say of

14  course I'm a Muslim and, you know, my faith really helps

15  me and -- because, you know, worldly life is an illusion.

16  The real life starts after death.  And I just want to say

17  that I'll always love my brothers and sisters.  That's

18  all.  Thank you.

19          THE COURT:  Mr. Savage.

20          MR. SAVAGE:  Your Honor, this brings up some

21  ambiguity, I think, in the plea colloquy in regards to

22  the factual resume.  First, to clarify for the defendant.

23  I think this issue of the money came up with regards to

24  $689 that was seized from the defendant at the time of

25  the search in this case.  It is not the government's

position, nor is it alleged in the superseding

indictment, that he stole the money.  We don't know

whether he stole the money or not.  I don't know how he

got the money but we're not alleging he stole it.  We are

alleging he was going to use that money to buy an AK-47

-- AR-15, rather, at the gun show, and use that to murder

people which is what is admitted in this factual resume.

So if there are lies in the factual resume that are not

-- or things he doesn't agree with that are not in

italics, then we need to know what those are right now.

        THE COURT:  And with that.  Mr.  Sullivan, I do

want to follow up on a statement that you made, and that

pertained to the factual basis document that has been

filed with the Court.  In this factual basis document

there are statements that are made in regular print, and

then there are statements that are made in italicized

print.  And the affirmation that is at the end of this

document that was signed by your attorney says that you

do not dispute the factual basis with the exception of

those facts that are stated in the italicized print, and

that is part of the basis for whether or not I will

accept your plea.  So I want to make sure that I am clear

as to what you are saying.  Are you telling me that you

have reviewed this factual basis document and that as to

any portion that is not in italicized print that you do

1  in fact not dispute those statements?

2      THE DEFENDANT:  Yes.

3      THE COURT:  Mr.  Savage, is there anything else

4  for the government with regard to that matter?

5      MR.  SAVAGE:  No, Your Honor.  I think that that

6  clarifies things.

7      THE COURT:  Ms. Sison, if you would, please,

8  approach and I will hand you the Plea Inquiry Form for

9  signature by you and your client.

10         (Ms. Sison indicating.)

11         (Defendant indicating.)

12     THE COURT:  Mr.  Sullivan, I want to ask -- I see

13 on this form where there is a signature line for -- there

14 are two signature lines on the next to last page, one

15 that says "Defendant's Signature" and the other one

16 saying "Counsel's Signature." On the line for

17 "Defendant's Signature" there is what appears to be the

18 cursive letter "J."  Is that in fact a complete

19 signature, or did you intend it to be a complete

20 signature?

21 A.    Yes, that's my signature.

22     THE COURT:  Okay.  Based upon the representations

23 and answers given by the defendant and counsel in the

24 foregoing Rule 11 proceeding, the Court finds that the

25 defendant's plea is knowingly and voluntarily made and

1  that the defendant understands the charges, potential

2  penalties, and the consequences of his plea.  The Court

3  further finds that the defendant's plea is supported by

4  an independent basis in fact containing each of the

5  elements of the offense charged against the defendant in

6  Count Nine of the superseding Bill of Indictment.

7      Accordingly, the defendant's guilty plea is hereby

8  accepted and the defendant is adjudicated to be guilty of

9  said count.  This plea of guilty is accepted pursuant to

10  Rule 11(c)(1)(C) of the Federal Rules of Criminal

11  Procedure, and it is conditioned only upon the acceptance

12  by the Court of the agreed sentence at the sentencing

13  hearing in accordance with the Federal Rules of Criminal

14  Procedure.

15      Is there any matter concerning a consent order for

16  forfeiture?  Is that something we're handling this

17  morning?

18      MR.  SAVAGE:  Your Honor, if we could have

19  additional time to discuss that with the defendant's

20  counsel.  As you heard, the defendant has some concerns

21  about one of the provisions in there.  Rather than take

22  up the Court's time, I think we can submit that to the

23  Court through the cyber clerk or directly, as you prefer.

24      THE COURT:  Okay.  Are there any other issues that

25  we can take up this morning regarding this matter?

1      MR. SAVAGE:  Your Honor, the terms of the sealing

2  order having been fulfilled, the United States moves to

3  unseal the plea agreement and the factual resume in this

4  case as well as the motions seal.

5      THE COURT:  Ms. Sison, any response to that?

6      MS. SISON:  No, Your Honor.

7      THE COURT:  With that, the factual basis document,

8  or factual resume, as Mr. Savage refers to it, as well

9  as the plea agreement, both of which were previously

10  filed under seal and that there was an order entered by

11  this court sealing those documents until further order,

12  those documents were sealed pending this hearing and this

13  hearing, now having been completed and the guilty plea

14  having been accepted, the Court orders that those two

15  documents -- the factual basis document and the plea

16  agreement document -- are hereby deemed unsealed.

17      Are there any other issues that we need to

18  address?

19      MR. SAVAGE:  Not at this time, Your Honor.

20      THE COURT:  Anything else for the defense?

21      MS. SISON:  Your Honor, we have filed a notice of

22  preference for presentence interview with the Court and

23  that's been given to your clerk.

24      THE COURT:  Okay.  With that, the next matter in

25  this hearing -- I mean in this case.  The probation

1 office, of course, will be preparing a presentence report

2 and, once that is completed, there will be the

3 opportunity for both sides to object to that presentence

4 report, and then we will schedule a sentencing hearing at

5 that time.  And that will -- we will then take up the

6 issue of whether or not the Court will accept the agreed

7 upon sentence as set forth in the plea agreement.  Very

8 good.

9          Marshal, if you could please recess us until

10 further call.

11                    (Off the record at 9:50 a.m.)

12                         **CERTIFICATE**

13          I, Tracy Rae Dunlap, RMR, CRR, an Official Court
   Reporter for the United States District Court for the
14 Western District of North Carolina, Asheville Division,
   do hereby certify that I transcribed, by machine
15 shorthand, the proceedings had in the case of UNITED
   STATES OF AMERICA versus JUSTIN NOJAN SULLIVAN, Criminal
16 Action 1:16-CR-05, on November 29, 2016.

17          In witness whereof, I have hereto subscribed my
   name, this 11th day of July, 2017.

18

                         __/S/__Tracy Rae Dunlap__
19                       TRACY RAE DUNLAP, RMR, CRR
                         OFFICIAL COURT REPORTER
20

21

22

23

24

25